UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY LEACH,                    ) 1:06CV0638
                                  )
                Petitioner        ) JUDGE DONALD NUGENT
                                  ) (Magistrate Judge Kenneth S. McHargh)
        v.                        )
                                  )
[STANLEY]¹ HUDSON,                )
        Warden,                   )
                                  )
                Respondent        ) REPORT AND RECOMMENDED
                                  ) <u>DECISION OF MAGISTRATE JUDGE</u>


McHARGH, MAG. J.

        The petitioner Timothy Leach ("Leach") has filed a petition for a writ of

habeas corpus, under 28 U.S.C. § 2254, regarding his 2003 felony convictions for

attempted felonious assault, aggravated robbery, and robbery in the Cuyahoga

County, Ohio, Court of Common Pleas.  (Doc. 1.)

        The sole ground of the petition is that:

        Because the facts required to support the imposition of consecutive
        sentences were neither admitted by Mr. Leach nor found by a jury, the
        imposition of consecutive sentences violated Mr. Leach's Sixth
        Amendment right to trial by jury.

(Doc. 1, at § 12.A.)   Leach seeks the following relief:

        Petitioner prays that this Court grant him a conditional writ of habeas
        corpus ordering his release from confinement within 90 days if the

---

¹The petition was filed naming "Stanley" Hudson as Warden of Mansfield
Corr. Institution.  (Doc. 1.)  The warden's name is Stuart Hudson.  (Doc. 9, at 2.)

1

State of Ohio fails to resentence him to concurrent sentences within
that time.

Id. at p. 13.

The respondent has filed a motion to dismiss, arguing that this claim has
been procedurally defaulted.  (Doc. 9.)  Leach filed a traverse (opposition to the
motion to dismiss).  (Doc. 16.)  The respondent filed a reply.  (Doc. 17.)


## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural
background:

> On December 18, 2002, defendant was indicted in case nos. 432168,
> 432169, and 432170. In case no. 432168, defendant was indicted for
> two counts of aggravated robbery and one count of robbery. In case
> no. 432169, defendant was indicted for one count of robbery, and in case
> no. 432170, defendant was indicted for three counts of aggravated
> robbery and one count of felonious assault. On December 20, 2002,
> defendant was indicted in case no. 432171 for one count of robbery and
> two counts of aggravated robbery.
>
> On February 21, 2003, defendant entered into the following plea
> agreement on each of the cases:
>
> "In case number CR-432168, Leach pled guilty to three counts of
> robbery in violation of R.C. 2911.02. The trial court sentenced Leach to
> a three-year prison term on each count, to be served concurrently.
>
> "In case number CR-432169, Leach pled guilty to one count of robbery
> in violation of R.C. 2911.02(A)(3). The trial court sentenced Leach to a
> one-year prison term, to run consecutively with the sentence imposed
> in CR-432168.
>
> "In case number CR-432170, Leach pled guilty to one count of robbery
> in violation of R.C. 2911.02(A)(3), one count of attempted felonious
> assault in violation of R.C. 2923.02 and 2903.11(A)(1), and two counts

of aggravated robbery in violation of R.C. 2911.01. The trial court sentenced Leach to a two-year prison term for the robbery, a two-year prison term for the attempted felonious assault, and a four-year prison term on each of the aggravated robbery charges. The trial court ordered all counts to run concurrently to each other, but consecutively to the sentences imposed in CR-432168 and CR-432169.

"In case number CR-432171, Leach pled guilty to six counts. Counts one and two, as amended, charged robbery in violation of R.C. 2911.02, felonies of the second degree. Counts four and six, as amended, charged robbery in violation of R.C. 2911.02(A)(3), felonies of the third degree. Counts three and five charged aggravated robbery in violation of R.C. 2911.01. The trial court sentenced Leach to a three-year prison term on each of the first two counts of robbery, a four-year prison term on count three for aggravated robbery, and a two-year prison term on count four for robbery. The trial court ordered all counts to run concurrently to each other, but consecutively to the sentences imposed in CR-432168, CR-432169, and CR-432170. The trial court did not sentence Leach on counts five and six at the sentencing hearing. However, in the sentencing journal, the court imposed a two-year prison term each on counts five and six." See *State v. Leach,* Cuyahoga App. No. 82836, 2004- Ohio-1675 (*"Leach I"* ).

On April 29, 2003, defendant filed a notice of appeal from his guilty pleas. The matter was assigned Court of Appeals No. 82836. See Id. On January 23, 2004, while *Leach I* was pending, defendant filed a pro se motion to withdraw his guilty plea.

On April 1, 2004, this Court issued its opinion in *Leach I* which considered the following assignment of error:

"Timothy Leach has been deprived of his liberty without due process of law by the consecutive sentences imposed on him as said sentences do not comport with Ohio's new sentencing structure and because he was not present when all of the sentences in all of the cases were imposed."

This court determined that the trial court complied with the sentencing statutes and did not err in imposing the sentences to run consecutively between the cases. This Court further determined, however, that the trial court erred "in issuing its journal entry in case number CR-432171, which imposed a sentence on Leach for counts five and six, after the court failed to issue the sentence in Leach's presence at the sentencing hearing." See *Leach I.* This court remanded the

matter for re-sentencing as to Case No. 432171, but otherwise affirmed the matter. Id.

On May 6, 2004, the trial court denied defendant's pro se motion to vacate his guilty plea and re-sentenced defendant in case no. 432171 pursuant to the remand ordered in *Leach I.* The court ordered that defendant serve concurrent terms of three years for Count One, three years for Count Two, four years for Count Three, two years for Count Four, three years for Count Five and two years for Count Six. The court further ordered that the sentence be served consecutively to the other cases.

(Doc. 9, Respondent's Exhibit (RX) 35 at 2-5; <u>State v. Leach</u>, No. 84794, 2005 WL 927002, at *1-*2 (Ohio Ct. App. Apr. 21, 2005)).

## A.  First appeal (sentencing)

Thus, as mentioned above, in his first direct appeal of his sentencing, Leach raised the following assignment of error:

1.  Timothy Leach has been deprived of his liberty without due process of law by the consecutive sentences imposed on him as said sentences do not comport with Ohio's new sentencing structure and because he was not present when all of the sentences in all of the cases were imposed.

(Doc. 9, RX 14, at 6.)  As detailed above, on April 1, 2004, the court of appeals affirmed the sentences in part, finding that the consecutive sentences were properly imposed in compliance with state law.  However, the court found that the court erred in sentencing Leach in case number CR 432171, because the court failed to issue the sentence in Leach's presence at the sentencing hearing.  Thus, the case was remanded for a new sentencing hearing on that case.  (Doc. 9, RX 16 at 11; <u>State v. Leach</u>, No. 82836, 2004 WL 637769, at *5 (Ohio Ct. App. Apr. 1, 2004)).

4

On Jan. 23, 2004, while his first appeal was pending, Leach filed a pro se motion to withdraw his guilty plea. (Doc. 9, RX 27.) On May 6, 2004, the trial court denied Leach's motion to vacate his guilty plea and re-sentenced him in case no. CR 432171 pursuant to the remand order. (Doc. 9, RX 30-31.)

Leach filed a timely appeal with the Ohio Supreme Court on May 17, 2004, setting forth the following proposition of law:

> Before a trial court may impose consecutive sentences, it must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. When the court fails to do so, the consecutive sentences deprive the defendant of liberty without due process of law.

(Doc. 9, RX 18.) Leach essentially argued that the trial court failed to properly apply state law. Id. at 1-2, citing State v. Comer, 99 Ohio St.3d 464, N.E.2d (2003). Leach argued that the trial court misapplied Comer by failing to make a proper "analysis of how [the] facts in the case lined up with the statutory findings so as to justify the consecutive sentences imposed." Id. at 6.

Leach later filed a document on July 16, 2004, supplying "additional relevant authority" for the court's consideration, citing Blakely v. Washington, 542 U.S. 296 (2004). (Doc. 9, RX 21.) However, Leach filed no memorandum in support of this additional authority, thereby failing to explain the relevance of Blakely to his argument that the trial court had improperly "align[ed] each rationale with the specific finding to support its decision to impose consecutive sentences." See RX 18, at 6.

On Sept. 1, 2004, the state high court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 9, RX 22; State v. Leach, 103 Ohio St.3d 1426, 814 N.E.2d 490 (2004).)  On Sept. 10, Leach filed a motion for reconsideration, now basing his new arguments on Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely.  (Doc. 9, RX 23.)  On Oct. 27, the court denied reconsideration of the case.  (Doc. 9, RX 24; State v. Leach, 103 Ohio St.3d 1496, 816 N.E.2d 1081 (2004).)

On Jan. 19, 2005, Leach filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on March 21.  (Doc. 9, RX 25-26; Leach v. Ohio, 544 U.S. 930 (2005).)


### B.  Second appeal (motion to withdraw plea)

Leach subsequently filed an appeal with the state court of appeals regarding the denial of his motion to withdraw his guilty plea.  (Doc. 9, RX 32-33.)  He raised the following assignment of error:

> The trial court erred and denied the defendant-appellant his right to due process of law, by failing to provide for an evidentiary hearing on his motion to vacate a previously entered guilty plea and to grant the motion, after sentence has been imposed in order to correct a manifest injustice.

(Doc. 9, RX 33.)  His arguments were based entirely on state law.

On April 21, 2005, the court of appeals affirmed the judgment of the trial court.  (Doc. 9, RX 35; State v. Leach, No. 84794, 2005 WL 927002 (Ohio Ct. App. Apr. 21, 2005)).

6

Leach failed to file a timely appeal to the Ohio Supreme Court, but filed a motion for leave to file a delayed appeal pro se, which was granted.  (Doc. 9, RX 36-38.)  Leach set forth the following propositions of law:

> 1.  A trial court has jurisdiction to rule on matters that do not pertain to the judgment sought to be reviewed upon appeal.

> 2.  The appealing of the trial courts denial of the motion to withdraw guilty plea was premature and should have been remanded for further proceedings with regard to due process to establish a complete record for review.

(Doc. 9, RX 39.)

On Dec. 14, 2005, the state supreme court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 9, RX 40; State v. Leach, 107 Ohio St.3d 1682, 839 N.E.2d 403 (2005).)  Leach filed a motion for reconsideration, which was denied.  (Doc. 9, RX 41-42.)

Leach filed this petition for a writ of habeas corpus on March 20, 2006.  (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

8

### III.  EXHAUSTION AND PROCEDURAL DEFAULT

The respondent has filed a motion to dismiss, arguing that the petitioner's federal claim is barred by procedural default, because it was never fairly presented to the state courts.  (Doc. 9, at 12.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).  The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts.  This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented":  (1) reliance upon federal cases employing constitutional analysis;  (2) reliance upon state cases employing federal constitutional analysis;  (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right;  or (4) alleging facts well within the mainstream of constitutional law.

9

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)).  See also Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005).  To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

Leach did not frame either of the grounds for his state appeals as a federal constitutional issue.  See generally doc. 9, RX 14 and 33.  He relied solely on state law arguments throughout the course of his state appeals.  The petitioner's state appeals did not rely on federal constitutional analysis, nor did his claims implicate a constitutional right.

The sole exception was his Sept. 10, 2004, motion for reconsideration, which first presented the Apprendi-Blakely issue to the state high court.  (Doc. 9, RX 23.) The motion for reconsideration was denied.  The Ohio Supreme Court will not consider a constitutional question which was not raised and argued in the lower courts.  Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Mitts v. Bagley, No. 1:03CV1131, 2005 WL 2416929, at *60 (N.D. Ohio Sept. 29, 2005); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).  See also State v. Roberts, 1 Ohio St.3d 36, 437 N.E.2d 598, 599 (1982) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus) (under Ohio law, constitutional issues cannot be considered in post-conviction proceedings where they could have been litigated at trial or on direct appeal); State v. Williams,

10

157 Ohio App.3d 374, 378, 811 N.E.2d 561, 564 (Ohio Ct. App. 2004).  Leach can no longer raise the Sixth Amendment claim in state court, as it would be barred on the basis of res judicata.  <u>Leroy</u>, 757 F.2d at 99; <u>Mitts</u>, 2005 WL 2416929, at *60.

In his reply, Leach argues that he "presented this ground for relief to the Supreme Court of Ohio during the pendency of his timely discretionary appeal to that court, and again in a timely motion for reconsideration filed in that court." (Doc. 16, at 1.)  This is not quite accurate.  Leach did not "present" an alleged <u>Apprendi</u>-<u>Blakely</u> violation as a ground for relief in his direct appeal, but rather as "Appellant's Citation to Additional Relevant Authority" to his pending claim that the trial court improperly reached statutory findings to justify the consecutive sentences imposed.  (Doc. 9, RX 21.)

Leach contends that he could not have filed his Sixth Amendment claim any earlier, because <u>Blakely</u> was not issued until his appeal to the Ohio Supreme Court was already underway.  (Doc. 16, at 1.)  Leach states that he "raised his claim in the only available forum at his earliest opportunity."  <u>Id.</u> at 2.  However,  as respondent points out (doc. 17, at 1-2), the Sixth Amendment sentencing issue arose several years earlier, in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Leach's motion for reconsideration recognizes as much.  <u>See</u> doc. 9, RX 23, at 1 (discussing <u>Apprendi</u>). Indeed, the Supreme Court in <u>Blakely</u> stated that: "This case requires us to apply

the rule we expressed in <u>Apprendi</u>." <u>Blakely v. Washington</u>, 542 U.S. 296, 301 (2004).[2]

Because Leach did not fairly present his federal claim to the state courts, he is procedurally barred from seeking federal habeas relief on his claim.  The petition should be dismissed on that basis.  Even if the court were to consider the claim on the merits, the petition would be denied.

## IV.  SIXTH AMENDMENT SENTENCING VIOLATIONS

The Supreme Court in <u>Blakely v. Washington</u> clarified its earlier Sixth Amendment decision in <u>Apprendi v. New Jersey.</u>  <u>Blakely</u>, 542 U.S. at 301.  The <u>Apprendi</u> Court had ruled that:  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Blakely</u>, 542 U.S. at 301 (quoting <u>Apprendi</u>, 530 U.S. at 490).

In <u>Blakely</u>, the defendant entered a guilty plea, and, pursuant to the plea agreement, the state recommended a sentence within the standard range of 49 to 53 months.  <u>Blakely</u>, 542 U.S. at 300.  However, "the judge rejected the State's recommendation and imposed an exceptional sentence of 90 months."  <u>Id.</u>  As <u>Blakely</u> pointed out, "[t]he facts supporting that finding were neither admitted by

---

[2]Likewise, <u>State v. Foster</u> was based on both <u>Apprendi</u> and <u>Blakely</u>.  <u>See</u> <u>State v. Foster</u>, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio 2006), <u>cert. denied</u>, 127 S.Ct. 442 (2006) (syllabus, ¶ 3).

[the defendant] nor found by a jury." Id. at 303.  The Court found a Sixth Amendment violation because the judge had imposed sentence based upon a judicial finding of some additional fact.  Id. at 305.

Subsequently, the Supreme Court of Ohio has recognized that several provisions of Ohio's felony sentencing structure violate the Sixth Amendment to the U.S. Constitution.  State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 127 S.Ct. 442 (2006).  In particular, the court noted that, "with limited exceptions, the Ohio Revised Code provides that consecutive sentences in Ohio may not be imposed except after additional fact-finding by the judge." Foster, 109 Ohio St.3d at 21, 845 N.E.2d at 491.  Thus, the court ruled:  "Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."  Id. at 2, 845 N.E.2d at 475 (syllabus, ¶ 3).

However, the court also ruled that: "R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed.  After the severance, judicial fact-finding is not required before imposition of consecutive prison terms."  Id. at 2, 845 N.E.2d at 475 (syllabus, ¶ 4).  As a consequence, Ohio "trial courts are now no longer required to make any findings or give any reasons when imposing consecutive sentences." Minor v. Wilson, No. 05-3534, 2007 WL 106771, at *6 n.1 (6th Cir. Jan. 17, 2007).

The change in Ohio sentencing law is applicable only to those cases pending on direct review.  Minor, 2007 WL 106771, at *6 n.1; Foster, 109 Ohio St.3d at 31, 845 N.E.2d at 499 (citing United States v. Booker, 543 U.S. 220, 268 (2005)).

### A.  Leach's case

Leach contends that his "consecutive prison terms were imposed in contravention of his Sixth Amendment right to trial by jury."  Leach seeks "a remand of his case to state court for resentencing, with an order to the state trial court to run his sentences concurrently."  (Doc. 16, at 8.)

Although <u>Foster</u> ruled that provisions of Ohio's sentencing statutes were unconstitutional under the Sixth Amendment, this court's resolution of the petition for a writ of habeas corpus cannot be grounded on the Supreme Court of Ohio's rulings regarding the Sixth Amendment.  Rather, this court must base its rulings on constitutional law as determined by the U.S. Supreme Court.  <u>Williams v. Taylor</u>, 529 U.S. at 412-13; 28 U.S.C. § 2254(d)(1).

A district court has jurisdiction to pass upon the constitutionality of a state statute in a habeas corpus proceeding.  <u>See, e.g.</u>, <u>Wilson v. Gooding</u>, 431 F.2d 855, 857 (5th Cir. 1970), <u>aff'd</u>, 405 U.S. 518 (1972).  Even in a case where the state's highest court has declared a state statute unconstitutional, if it does so on federal constitutional grounds, a federal habeas court must "make an independent determination of the applicable federal standards."  <u>United States ex rel. Newsome v. Malcolm</u>, 492 F.2d 1166, 1171 (2d Cir. 1974), <u>aff'd</u>, 420 U.S. 283 (1975).  <u>See also</u> <u>Diaz v. Kinkela</u>, 253 F.3d 241, 244 (6th Cir. 2001).

It is true that <u>Blakely</u> does not apply retroactively to cases on collateral review, that is, after a conviction has become final on direct appeal.  <u>See</u> <u>Schriro v. Summerlin</u>, 542 U.S. 348, 358 (2004) (new procedural rule does not apply

14

retroactively to cases already final on direct review); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005), cert. denied, 126 S.Ct. 199 (2005)).  However, U.S. Supreme Court rulings on this constitutional issue do apply to all criminal cases while pending on direct review.  Booker, 543 U.S. at 268; Schriro, 542 U.S. at 351; see generally Foster, 109 Ohio St.3d at 31, 845 N.E.2d at 499 (citing Booker).  The first step is to determine when the defendant's conviction became final. Humphress, 398 F.3d at 860.

For habeas purposes, a conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Leach's case was still proceeding through the state court system on direct review when Blakely was decided (June 24, 2004).  The underlying Apprendi decision (2000) was also in effect.[3]

On April 1, 2004, the Ohio court of appeals vacated the judgment in case no. CR 432171, and on remand the trial court resentenced Leach on May 6, 2004. Leach appealed, and appointed counsel filed his appellate brief on Nov. 19, 2004. (Doc. 9, RX 33.)  Thus, Leach's conviction was not yet final, and the Apprendi-Blakely Sixth Amendment principles would govern an alleged sentencing violation. (Leach chose instead to contest the denial of his motion to withdraw his guilty plea.) The state appellate court denied his appeal on April 21, 2005, addressing solely the

---

[3]Although the Supreme Court of Ohio did not decide Foster until Feb. 27, 2006, it based its decision on consecutive sentencing on both Apprendi and Blakely. Foster, 109 Ohio St.3d at 2, 845 N.E.2d at 475 (syllabus, ¶ 3.)

assignment of error raised by Leach. The court did note, however, that its earlier decision "affirmed the imposition of consecutive sentences." (Doc. 9, RX 35, at 6-7; Leach, 2005 WL 927002, at *3).

This habeas court would have been able to apply the principles of the Blakely and Apprendi decisions to this petition, had they been properly invoked by Leach during his state appeals. (As discussed earlier, because Leach did not fairly present his claim to the state courts, he is procedurally barred from seeking federal habeas relief.) On the other hand, the specific relief sought by Leach would not be available.

Leach seeks a remand to state court for resentencing. On this point, the court finds the reasoning of Shafer v. Wilson persuasive. In Shafer v. Wilson, the petitioner argued that his sentencing violated the Sixth Amendment because "the trial court imposed a sentence that exceeded the presumptive minimum and imposed consecutive sentences based on findings of fact made by the trial judge." Shafer v. Wilson, No. 1:06CV0648, 2007 WL 315760, at *10 (N.D. Ohio Jan. 30, 2007) (Gwin, J.). The district court rejected the recommendation of the magistrate judge, and ruled that, although the petitioner's sentence violated Blakely, it did not result in any prejudice, and agreed that "any error in sentencing Shafer was harmless." Id. at *11. The court noted that, after Foster,

> . . . sentencing judges are free to impose any sentence within the
> applicable statutory range without the need to make any specific
> judicial findings. Stated otherwise, because Ohio remedied its
> unconstitutional sentencing regime by making its guidelines advisory,

16

> there is no reason to believe the Petitioner would receive a more
> favorable sentence if the Court grants his habeas request for relief.

Shafer, 2007 WL 315760, at *11.  Although finding a Sixth Amendment violation,

the court denied the relief  requested.  Id.

Although Leach's sentence violated Blakely, it does not result in any

prejudice.  As Shafer noted, under Ohio law after Foster, "sentencing judges are free

to impose any sentence within the applicable statutory range without the need to

make any specific judicial findings."  Id. at *11.  See also Minor, 2007 WL 106771,

at *6 n.1 (Ohio courts no longer required to give any reasons when imposing

consecutive sentences).  The trial court set forth its reasoning for imposing sentence

on Leach, and there is no reason to believe Leach would receive a more favorable

sentence if the court grants his request for relief.

In addition, Leach specifically asks this court to order "the state trial court to

run his sentences concurrently."  (Doc. 16, at 8.)  This court has no such power.

There is no constitutional directive, under the Sixth Amendment or otherwise, and

Leach points to none, that state felony sentences must be concurrent.  See generally

Brown v. Ohio, 432 U.S. 161, 165 (1977) (discussing consecutive sentences and

double jeopardy concerns); United States v. Sutton, 700 F.2d 1078 (6th Cir. 1983).

Leach asserts that, if the "trial court had not engaged in unconstitutional

factfinding, it would have been required to sentence Mr. Leach to concurrent

sentences.  See Ohio R.C. 2929.41(A)."  (Doc. 16, at 6.)  There are two problems with

this line of argument.  First, it argues a misapplication of the Ohio statute.  A

17

challenge to a state court's application of Ohio's sentencing laws is not cognizable in a federal habeas action.  Federal habeas relief is not available for a claimed error of state law.  <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990).  Second, Ohio Rev. Code § 2929.41(A) has been declared unconstitutional by the Supreme Court of Ohio, and the section presently has no force.  <u>Foster</u>, 109 Ohio St.3d at 2, 845 N.E.2d at 475 (syllabus, ¶ 3); <u>see also</u> <u>id.</u> at 29, 845 N.E.2d at 497.

## V.  SUMMARY

Leach's petition for a writ of habeas corpus should be dismissed because his only claim was procedurally defaulted.  Even if his claim were to be considered on the merits, Leach would be unable to receive the relief sought.

## <u>RECOMMENDATION</u>

It is recommended that the petition be dismissed.

Dated:   Mar. 14, 2007              /s/ Kenneth S. McHargh
                                    Kenneth S. McHargh
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

18