# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY LEACH, | ) | CASE NO. 1: 06 CV 638 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION |
| STUART HUDSON, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh.  The Report and Recommendation (ECF # 20) is hereby ADOPTED by this Court.

## Procedural and Factual Background

Petitioner filed a federal Petition for a Writ of Habeas Corpus with this Court on March 20, 2006, raising the following ground for relief:

> Because the facts required to support the imposition of consecutive sentences were neither admitted by Mr. Leach nor found by a jury, the imposition of consecutive sentences violated Mr. Leach's Sixth Amendment right to trial by jury.

(ECF # 1 at § 12.A.)  Based upon that ground for relief, Petitioner seeks the following:

> Petitioner prays that this Court grant him a conditional writ of habeas corpus ordering his release from confinement within 90 days if the State of Ohio fails to resentence him to concurrent sentences within that time.

(*Id.* at 13.)  On July 14, 2006, Respondent filed a Motion to Dismiss, asserting that Petitioner's claim has been procedurally defaulted. (ECF # 9.)  After several extensions of time, on October 18, 2006, Petitioner filed a traverse, opposing Respondent's Motion to Dismiss and requesting that this Court

grant him a writ of habeas corpus. (ECF # 16.) On October 31, 2006, Respondent filed a Reply in support of his Motion to Dismiss. (ECF # 17.)

Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge McHargh for the preparation of a report and recommendation. Magistrate Judge McHargh issued his Report and Recommendation on March 14, 2007, recommending that Respondent's Motion to Dismiss be granted, and Petitioner's Writ of Habeas Corpus be dismissed. (ECF # 20.) The Magistrate Judge makes this recommendation based upon his determination that Petitioner did not fairly present his federal claim to the state courts. (*Id.* at 12.) As such, the Magistrate Judge determined that Petitioner is procedurally barred from seeking federal habeas relief on his claim. (*Id.*) In the alternative, the Magistrate Judge found that, even if Petitioner's claim were to be considered on the merits, Petitioner would be unable to receive the relief sought. (*Id.* at 18.)

Petitioner filed his objections to the Report and Recommendation on March 28, 2007. (ECF # 21.) Respondent filed a response to Petitioner's objections on April 9, 2007. (ECF # 22.) The Court herein reviews the Report and Recommendation and Petitioner's objections.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written

> objection has been made in accordance with this rule. The district
> judge may accept, reject, or modify the recommended decision, receive
> further evidence, or recommit the matter to the magistrate judge with
> instructions.

Accordingly, this Court will review the Report and Recommendation, to which objections have been filed, de novo. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

## Conclusion

This Court has reviewed the Report and Recommendation of this case de novo and has considered all of the pleadings, motions, and filings of the parties. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

Petitioner asserts that the Magistrate Judge erred in recommending that his Petition should be dismissed because he did not procedurally default his claim. In support of this position, Petitioner argues that "he raised his claim in the only available forum at his earliest opportunity." (ECF # 21 at 3.) The Magistrate Judge carefully considered this issue and determined that "[t]his habeas court would have been able to apply the principles" of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "had they been properly invoked by Leach during his state appeals." (ECF # 20 at 16.) That is, the Magistrate Judge found that Petitioner could have fairly presented his federal claim to the state courts, but failed to do so. (*Id.*) It is this failure that results in the Magistrate Judge's recommendation that this Court find Petitioner's claim to be procedurally defaulted. (*Id.* at 12.) After careful consideration of Petitioner's objections, the Court finds nothing stated therein which convinces it that the Magistrate Judge is in error. More specifically, the Court finds that, because Petitioner did not fairly present his federal claim to the state courts, the

3

Magistrate Judge properly determined that his Petition should be dismissed.

Petitioner also argues that the Magistrate Judge was incorrect in stating that, even if Petitioner's claim were to be considered on the merits, Petitioner would be unable to receive the relief sought. In particular, Petitioner asserts that "[b]ecause the trial court's constitutional error affected its selection of the sentence imposed, the error was not harmless, and a resentencing – one that is free of Sixth Amendment violations – is required." (ECF # 21 at 6.) In considering this issue, the Magistrate Judge found:

> Although Leach's sentence violated *Blakely*, it does not result in any prejudice. As *Shafer* noted, under Ohio law after *Foster*, "sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings." *Id*. at *11. *See also Minor*, 2007 WL 106771, at *6 n.1 (Ohio courts no longer required to give any reasons when imposing consecutive sentences). The trial court set forth its reasoning for imposing sentence on Leach, and there is no reason to believe Leach would receive a more favorable sentence if the court grants his request for relief.
> 
> In addition, Leach specifically asks this court to order "the state trial court to run his sentences concurrently." (Doc. 16, at 8.) This court has no such power. There is no constitutional directive, under the Sixth Amendment or otherwise, and Leach points to none, that state felony sentences must be concurrent. *See generally Brown v. Ohio*, 432 U.S. 161, 165 (1977) (discussing consecutive sentences and double jeopardy concerns); *United States v. Sutton*, 700 F.2d 1078 (6th Cir. 1983).
> 
> Leach asserts that, if the "trial court had not engaged in unconstitutional factfinding, it would have been required to sentence Mr. Leach to concurrent sentences. See Ohio R.C. 2929.41(A)." (Doc. 16, at 6.) There are two problems with this line of argument. First, it argues a misapplication of the Ohio statute. A challenge to a state court's application of Ohio's sentencing laws is not cognizable in a federal habeas action. Federal habeas relief is not available for a claimed error of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Second, Ohio Rev. Code § 2929.41(A) has been declared unconstitutional by the Supreme Court of Ohio, and the section presently has no force. *Foster*, 109 Ohio St.3d at 2, 845 N.E.2d at 475 (syllabus, ¶ 3); *see also id.* at 29, 845 N.E.2d at 497.

(ECF # 20 at 17-18.) Upon a thorough review of Petitioner's objections, including but not limited to the relevant case law applicable to this issue, the Court agrees with the Magistrate Judge's

4

determination that Petitioner is unable to show prejudice.

In all respects, the Court finds the Report and Recommendation to be well-written, well-supported, and correct. Accordingly, Petitioner's objections to the Report and Recommendation are OVERRULED (ECF # 21), the Report and Recommendation of Magistrate Judge McHargh is hereby ADOPTED (ECF # 20), Respondent's Motion to Dismiss is GRANTED (ECF # 9), and Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED (ECF # 1).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


                                                *s/ Donald C. Nugent*
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: April 13, 2007